IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY, LTD., a Japanese Corporation, and TAP PHARMACEUTICAL PRODUCTS INC., a Delaware Corporation,<br><br>Plaintiffs – Counterclaim Defendants,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. a Delaware Corporation,<br><br>Defendant – Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-33-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

At Wilmington this _21st_ day of March 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    (1) Infringement or non-infringement of the patents-in-suit;

    (2) Validity or invalidity of the patents-in-suit;

    (3) Any other claims, counterclaims, and/or defenses; and

    (4) Discovery also may be needed for additional subjects for other claims, counterclaims, or defenses to the extent that they may be asserted during discovery.

1

    (b) All fact discovery shall be commenced in time to be completed by April 12, 2007.

      (1) Document production shall be completed on or before October 16, 2006.

      (2) Maximum of 25 interrogatories including subparts by each party to any other party.

      (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      (4) Maximum of 50 requests for admission by each party to any other party.

      (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

      (6) Maximum of 85 hours per side for fact depositions.

    (c) Expert discovery shall be commenced after the completion of fact discovery and in time to be completed by July 31, 2007.

      (1) Expert reports on issues for which the parties have the burden of proof due May 16, 2007. Rebuttal expert reports due June 15, 2007.

      (2) Expert depositions to be limited to a maximum of 14 hours per expert unless extended by agreement of the parties.

      (3) All <u>Daubert</u> motions shall be filed on or before August 14, 2007.

  (d) If willfulness has been asserted and absent agreement among the parties, Defendant must inform Plaintiffs as to whether it intends to rely on advice of counsel by February 20, 2007. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendant to its counsel and whatever other materials related to the issues in dispute that Defendant had in its possession at the time the advice was sought.

  **(e)** Supplementations under Rule 26(e) due as required by that rule.

  (f) **Discovery Disputes.**

      (1) The court shall conduct an in-person discovery status conference on August 21, 2006 at 4:30 p.m., the time to be allocated equally among the parties.

      (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

      (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

  (g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours

per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before November 15, 2006.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636 and to the extent the parties believe it may be beneficial, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on June 27, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement contemporaneous with the Pretrial Order, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on August 8, 2007. Simultaneous response briefs should be filed by September 18, 2007.

7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.**

4

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@dcd.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on October 15, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for a 4 week bench trial commencing on October 29, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                     _/s/ Sue L. Robinson_
                                                    United States District Judge

## ADDITIONAL PROVISIONS TO SCHEDULING ORDER

1. DISCOVERY: The parties agree that attorney-work product and attorney-client privileged materials created by counsel after the service of the Paragraph IV Certification letter by Teva on TAP Pharmaceutical Products Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests with the exception of updates provided to the FDA, communications with the PTO concerning the patents-in-suit, and any communications with any court or any opposing party in a civil action regarding the patents-in-suit.

2. The parties agree that if a witness intends to testify in a language other than English at a deposition or otherwise requires a translator, the party defending the witness will provide the noticing party timely notice in advance of the deposition. Further, to the extent a witness testifies at deposition in a foreign language, that witness will also testify in that language at trial.

3. The parties agree to make reasonable efforts to schedule depositions on mutually convenient dates and locations for counsel and witnesses. Each party agrees to make available for deposition any testifying expert witness at a mutually agreeable location in the United States. In the absence of agreement, Plaintiffs will make their testifying expert witnesses available for deposition at the New York, NY office of Defendant's counsel and Defendant will make its testifying expert witnesses available for deposition at one of the New York, NY offices of Plaintiffs' counsel.

4. PROTECTIVE ORDER: The parties agree that a Protective Order is necessary and appropriate to govern pre-trial matters in the case. The parties are amenable to preparing a mutually agreeable protective order and will file a motion for entry of protective order as soon as practicable.

5. SERVICE: The parties agree to serve papers on each other by emailing a pdf to all Counsel of Record, excluding large appendices, and by depositing all documents with an overnight courier on or before the date when such papers are due or are filed with the Court. Service by overnight courier to Plaintiff shall be made on Arlene L. Chow at Hogan & Hartson in New York and Stuart E. Pollack at Patterson Belknap Webb & Tyler in New York, and service by overnight courier to Defendant shall be made on John D. Hamann at Sutherland Asbill & Brennan in Atlanta, Georgia. All documents shall be concurrently served on each party's local counsel by the same means. Service by emailing a pdf shall be considered service by hand delivery for purposes of FRCP 6(e) if the email of the pdf(s) contains the complete document, including appendices or other attachments. The parties also agree that documents and things produced pursuant to Rules 26 & 34 of the Federal Rules of Civil Procedure need not be served in accordance with the earlier provisions of this paragraph and may be provided to the receiving party in accordance with the terms of those Rules or by any other means mutually agreed upon by the parties hereto.