## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LTD. and TAP PHARMACEUTICAL PRODUCTS INC., | ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) ) | |
| v. | ) ) | Civil Action No.: 1:06-cv-0033-SLR |
| TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) ) | |
| Defendants and Counterclaim-Plaintiffs. | ) ) ) ) | |

## NOTICE OF SUBPOENA OF HAMRE, SCHUMANN, MUELLER & LARSON, P.C.

TO:    Arthur G. Connolly, III, Esq.
       Connolly Bove Lodge & Hutz LLP
       1007 North Orange Street
       Wilmington, DE 19899-2207

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants and Counterclaim-Plaintiffs Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), by their counsel, have served the accompanying subpoena for the production of documents on Hamre, Schumann, Mueller & Larson, P.C. ("Hamre, Schumann, Mueller & Larson").

The subpoena commands Hamre, Schumann, Mueller & Larson to produce documents and things, pursuant to Fed. R. Civ. P. 45, concerning the categories identified in Schedule A attached to the subpoena. The document production will take place on September 27, 2006 at 9:30 a.m., at The Grand Hotel, 615 Second Avenue, Minneapolis, MN 55402 or at such

alternative date, time, and place as may be mutually agreed upon by counsel for Teva USA, Teva

Ltd. and Hamre, Schumann, Mueller & Larson.


Dated: September //, 2006


YOUNG CONAWAY STARGATT & TAYLOR LLP

*Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone:  302-571-6600
Fax:  302-571-1253

SUTHERLAND ASBILL & BRENNAN LLP
John L. North
Jeffrey J. Toney
Jeffrey D. Blake
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:  404-853-8000
Fax:  404-853-8806

Attorneys for Defendants and Counterclaim-Plaintiffs
Teva Pharmaceuticals USA, Inc.
Teva Pharmaceutical Industries Ltd.

Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

TAKEDA PHARMACEUTICAL COMPANY LTD. and
TAP PHARMACEUTICAL PRODUCTS INC.,

        Plaintiffs and
        Counterclaim-Defendants,

   v.

TEVA PHARMACEUTICALS USA, INC. and
TEVA PHARMACEUTICAL INDUSTRIES LTD.,

        Defendants and
        Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 1:06-cv-0033-SLR
District of Delaware

TO:   Hamre, Schumann, Mueller & Larson, P.C.
      225 South Sixth Street
      Suite 2650
      Minneapolis, MN 55402

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
| | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (*The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."*)

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects): See Schedule A

| PLACE:<br>The Grand Hotel<br>615 2nd Avenue<br>Minneapolis, MN 55402 | DATE AND TIME:<br><br>September 27, 2006<br>9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE:  September 6, 2006 |
|---|---|
| *[signature: Jeffrey D. Blake]* <br><br> Jeffrey D. Blake <br> Attorney for Teva Pharmaceuticals USA, Inc. and <br> Teva Pharmaceutical Industries Ltd. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Jeffrey D. Blake
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Ga 30327
Tel : (404) 853-8084

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)  fails to allow reasonable time for compliance;
   (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)  subjects a person to undue burden.

(B)  If a subpoena

   (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or
   (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply to the deposition topics set forth below:

1.      The term "Hamre Schumann" means Hamre, Schumann, Mueller & Larson, P.C., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former partners, associates, officers, directors, employees, patent agents, other agents, consultants and representatives.

2.      The term "Takeda" means Takeda Pharmaceutical Company, Ltd., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives.

3.      The term "TAP" means TAP Pharmaceutical Products Inc., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives.

4.      The term "Astra" means:

a.      AB Astra, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives; and

b.      Astra Hässle AB, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives;

      c.      AstraZeneca Pharmaceuticals LP, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives; and

      d.      AstraZeneca AB, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives.

      5.      The term "patents-in-suit" means, individually or collectively, United States Patent Nos. 4,628,098; 5,026,560; 5,045,321; 5,093,132; and 5,433,959.

      6.      The term "Orange Book Patents" means United States Patent Nos. 4,689,333; 4,628,098; 5,026,560; 5,045,321; 5,093,132; 5,433,959; 5,013,743; and 6,749,864.

      7.      The term "'098 patent" means United States Patent No. 4,628,098.

      8.      The term "Lansoprazole" means:

      a.      the compound having the chemical formula $C_{16}H_{14}F_3N_3O_2S$ and IUPAC name 2-[[[3-methyl-4-(2,2,2-trifluroethoxy)-2-pyridyl]methyl]sulfinyl] benzimidazole;

      b.      any drug including such compound as an active ingredient;

      c.      any drug which is the subject of TAP's ANDA No. 20-406; or

      d.      any drug marketed as lansoprazole or Prevacid®.

      9.      The term "Omeprazole" means:

      a.      the compound having the IUPAC name 5-methoxy-2[[[4-methoxy-3, 5-dimethyl-2-pyridinyl]methyl]sulfinyl]-1H-benzimidazole;

      b.      any drug including such compound as an active ingredient; or

      c.      any drugs marketed as omeprazole, Losec®, or Prilosec®.

10.     The term "Foreign Counterpart Application" means any patent application filed anywhere in the world outside the United States that claims priority in whole or any part from an application that resulted in a given patent, that is the basis for a claim of priority in whole or in part (including without limitation claims of benefits under 35 U.S.C. §§ 199(e) or 120) for a given patent, or that discloses the same subject matter as a given patent.

11.     The term "Related Application" means any parent or ancestral application related in any way to a given patent, including any continuing application, continuation in part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, abandoned application, or foreign counterpart application.

12.     The term "Related Patent" means any patent that issued from an Related Application.

13.     The term "Prior Art" is used in the same sense that it is used in 35 U.S.C. § 103 and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or any other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

14.     The term "document" shall have the broadest meaning provided by Rules 26 and 34 of the Federal Rules of Civil Procedure, encompassing any medium upon which any information is recorded, and includes any kind of written, typewritten, printed, graphic, electronically stored, magnetically stored, optically stored, or recorded material whatsoever in your possession, custody, or control, or available or obtainable by you or of which you have knowledge. The term "document" includes, without limitation, all originals, copies, drafts, or other nonconforming copies (such as a copy containing comments or notations that are not part of the original text).

15.    The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

16.    The terms "communicate" or "communication" means any disclosure, transfer, transmission or exchange of information between individuals or companies; whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process; whether direct or through an intermediary.

17.    The term "identify" means to state:

   a.    in the case of a natural person, the person's full name, present or last known address, present or last known telephone number, present or last known place of employment, and their title at the present or last known employment;

   b.    in the case of a person, other than a natural person, its name, the address of its principal place of business, its telephone number, and the name of its chief executive officer(s);

   c.    in the case of a document, the title of the document, the date of the document, the names of its author(s) and all recipients, and the bates numbers of the documents;

   d.    in the case of an oral statement, who made the statement, who you contend heard the statement, when the statement was made, and the contents of the statement.

18.    The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

19.    Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

20.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

21.    The terms "each," "any" and "all" shall be construed individually to mean each and every.

22.    The term "including" shall mean "including but not limited to."

23.    Any noun used in the singular form shall be construed and applied so to include the plural form also, and vice versa.

## INSTRUCTIONS

1.    Pursuant to Rule 45 and Rule 34 of the Federal Rules of Civil Procedure, this subpoena requires that Hamre Schumann produce all responsive documents in its possession, custody, or control, or in the possession, custody or control of its partners, associates, officers, directors, employees, agents, representatives or any other affiliated entity or person, wherever such documents are located.

2.    Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Federal Rule of Civil Procedure 34. For example, a document that is part of a file, docket or other grouping should be physically

5

produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3.      To the extent that Hamre Schumann asserts that any documents, objects, or things may be of a confidential nature, Hamre Schumann may seek the protections of the Protective Order entered in this case (a copy of which is attached hereto as Exhibit 1).

4.      If Hamre Schumann contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Hamre Schumann shall identify for each such document:

(a)      the date of the document;

(b)      the name, affiliations, and title or position of the author(s) of the document;

(c)      the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

(d)      the general subject matter of the document;

(e)      the type of document (memorandum, letter, report, handwritten notes, etc.);

(f)      the specific grounds for withholding the document, including the specific facts upon which Hamre Schumann will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

(g)      any other information required by applicable rules or law.

5.    If Hamre Schumann contends that any of the following requests is objectionable in whole or in part, Hamre Schumann shall state with particularity each objection, the reasons for the objection, and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Hamre Schumann shall respond to the part of the request that is not objectionable.

## DOCUMENTS TO PRODUCE

1.    All documents concerning the prosecution (including the preparation and filing) of (a) the applications that led to any of the Orange Book Patents or (b) any Related Applications or Related Patents of the Orange Book Patents, including each patent application and its file wrapper, any communications with any patent office, and any documents provided to or received from any patent office.

2.    All documents concerning the prosecution (including the preparation and filing) of any Foreign Counterpart Applications (such as Japanese Patent Nos. 59-171069, 61-29567, 61-38059 and 62-19178 and European Patent No. 174,726) corresponding to (a) the applications leading to any of the Orange Book Patents or (b) any Related Applications or Related Patents of the Orange Book Patents, including each patent application and its file wrapper, any communications with any patent office, and any documents provided to or received from any patent office.

3.    All documents concerning the prosecution (including the preparation and filing) of any patent applications filed in United States or foreign patent offices relating to Lansoprazole, including each patent application and its file wrapper, any communications with any patent office, and any documents provided to or received from any patent office.

4.    All documents concerning any rights of ownership (past, present or future) of any of the patents-in-suit, including any assignments, agreements, licenses, or communications concerning any rights or ownership of any of the patents-in-suit.

5.    All documents concerning any patent term extension sought or obtained for any of the Orange Book Patents, including the patent term extension for the '098 patent.

6.    All documents relating to, constituting, alleged by anyone to be, or ever considered as Prior Art to any of the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart Application of the Orange Book Patents.

7.    All documents concerning any consideration, analysis or allegation of Omeprazole as Prior Art to any of the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart Application of the Orange Book Patents.

8.    All documents concerning the first manufacture, first use, first sale and/or first offer for sale in the United States, or first publication of each alleged invention of each of the patents-in-suit.

9.    All documents relating to any analysis of or opinion on the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, patentability or scope of any of the claims of any of the Orange Book Patents, including any Prior Art or other information considered as part of any such analysis or opinions.

10.    All documents (whether supporting or negating) concerning any "secondary indicia of nonobviousness" that relate to the validity of any claim of any of the patents-in-suit, including documents relating to the commercial success of any products covered by any claims

8

of the patents-in suit and any unexpected results achieved by the alleged inventions of the patents-in-suit.

11.    All documents concerning the dates of each alleged invention of each of the patents-in-suit, including documents evidencing each alleged invention's dates of conception and reduction to practice, what each inventor contributed to each alleged invention, and any due diligence in reducing each alleged invention to practice.

12.    All documents concerning the best mode of practicing each of the alleged inventions of each of the patents-in-suit.

13.    All documents concerning any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country concerning or relating to Lansoprazole, Omeprazole, the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including all pleadings, briefs, exhibits, affidavits, affidavit exhibits and supporting data, trial testimony, settlement agreements, agreements terminating such action, decisions by the appropriate tribunal, and any documents and things produced relating to the invalidity or unenforceability of such patents or applications.

14.    All documents concerning any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country involving (a) either Takeda or TAP and (b) Astra concerning Lansoprazole, Omeprazole, the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including all pleadings, briefs, exhibits, affidavits, affidavit exhibits and supporting data, trial testimony, settlement agreements, agreements terminating such action, decisions by the

9

appropriate tribunal, and any documents and things produced relating to the invalidity or

unenforceability of such patents or applications.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TAKEDA PHARMACEUTICAL COMPANY,
LTD., a Japanese Corporation, and TAP
PHARMACEUTICAL PRODUCTS, INC. a
Delaware Corporation,

        Plaintiffs,

    vs.

TEVA PHARMACEUTICALS USA, INC.,
a Delaware corporation,

        Defendant.

Civil Action No. 06-33-SLR

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties in this action, plaintiffs Takeda Pharmaceutical Company, Ltd. ("Takeda") and TAP Pharmaceutical Products, Inc. ("TAP"), and defendant Teva Pharmaceuticals USA, Inc. ("Teva"), believe, and the Court has determined, that good cause exists for entry of this Order; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information of the parties, their affiliates or third parties; and

WHEREAS, the parties recognize that confidential information is being produced only for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the confidential information produced by a party or its affiliates to any other party or by a third party to any party in the course of this civil action:

1

1.      The term "Confidential Information" as used in this Order includes all documents, information, testimony or things produced during discovery which a party: (i) believes contain sensitive trade secrets, proprietary information, or other confidential information (including but not limited to non-public information concerning research, development, testing, or evaluation of pharmaceuticals, non-public patent applications and files, non-public manufacturing information, non-public license agreements or negotiations, non-public information concerning drug applications, and non-public communications with the Food and Drug Administration) that can be the subject of protection pursuant to Federal Rules of Civil Procedure 26(c); and (ii) designates as such in accordance with the procedures set forth in paragraph 6.    Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity.  The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2.      The parties will designate as "Confidential" all Confidential Information.  The parties may designate as "Highly Confidential – Outside Attorneys Eyes Only" all Confidential Information that satisfies the requirements of paragraph 1 and which comprises or contains particularly sensitive information of the parties and their affiliates, including, but not limited to, customer information, financial and marketing information, information relating to research, development and testing of a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed commercial production of such products,

2

information relating to pending or abandoned patent applications which have not been made available to the public, and any other information as agreed to by the parties, that a disclosing party believes in good faith could cause irreparable harm to its business if disclosed to personnel for the receiving party.

3.    Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of this civil action. Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

4.    The term "Producing Party" means the party or person designating documents or information as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information under this Order.

5.    The term "Receiving Party" shall mean the party to whom the Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information is disclosed.

6.    The parties may designate material as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information in the following manner:

(a)    Depositions.    When deposition testimony is or contains Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information, any attorney or record present may so designate that testimony by notifying others present on the record of the deposition. The deposition reporter shall then so mark the transcript that reports the testimony. The parties may also designate the entire deposition testimony of a

3

witness as containing Confidential or Highly Confidential – Outside Attorneys Eyes Only Information. Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contain Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information by notifying all parties in writing, within thirty (30) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. If no such designations are made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain Confidential or Highly Confidential-Outside Attorneys Eyes Only Information. Accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record only, from the taking of the deposition until thirty (30) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said thirty (30) day period, unless designations in writing or at deposition are provided prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)    Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information contained in any affidavit, brief, memorandum or other paper filed with the Court in this action, or discovery request or response served on a party, may be designated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information by indicating on the face of such documents that one or more parties

4

consider them to contain Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information.

(c)    Documents produced in discovery that contain Confidential Information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL." Documents produced in discovery that contain Highly Confidential – Outside Attorneys Eyes Only Information shall be designated by conspicuously affixing a legend in the form of or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

7.    Except with the prior written consent of the Producing Party, or in accordance with the procedure set forth in paragraph 10, material designated "Confidential," and any summary, description or report containing such information, may be disclosed only to the following persons:

(a)    Outside counsel for the respective parties to this litigation and employees of said counsel who are assisting in the prosecution or defense of this litigation.

(b)    Three (3) in-house professional members of the parties' legal/patent staff in connection with the prosecution or defense of this action, as well as paralegal assistants, stenographic and clerical employees working under the direct supervision of such individuals. With the exception of the in-house professionals designated by this subparagraph and identified by name below, persons involved in the research, development, or patenting, of any proton pump inhibitor product, including but not limited to management personnel involved in decision-making regarding the foregoing, are excluded from seeing Confidential Material. The designated in-house professionals, who may be substituted upon consent or showing of good cause, are:

5

For Takeda:  (1) Tadaaki Kitao, Coordinator, Intellectual Property Department, Takeda Pharmaceutical Company Limited and (2) Takuya Abe, Assistant Coordinator, Intellectual Property Department, Takeda Pharmaceutical Company Limited.

For TAP:  (1) Kenneth D. Greisman, Vice President and Chief Legal Counsel, TAP Pharmaceutical Products Inc. and (2) George C. Kokkines, Associate Senior Counsel (Litigation), TAP Pharmaceutical Products Inc.

For Teva:  (1) Richard Egosi, Senior Vice President & General Counsel, TEVA Pharmaceuticals USA, Inc., (2) David Stark, Deputy General Counsel, TEVA Pharmaceuticals USA, Inc., and (3) Oded Yaari, Associate Director, Legal Affairs, TEVA Pharmaceuticals USA, Inc.

   (c) Outside experts and consultants (and their employees or clerical assistants) who have been approved by the Producing Party according to paragraph 10 and who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation.  For purposes of this Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party.

   (d) Court personnel in the conduct of their official duties and the trier of fact.

   (e) Persons or organizations expressly retained to assist or serve as translators, interpreters, copy services, court reporters, graphics and trial consultants, and document imaging and database consultants.

   (f) An y person who is indicated on the face of the document to be its originator or author or a recipient thereof; and

6

(g)    An y other person, either with the prior written consent of the Producing Party or pursuant to an order of the Court.

8.    Except with the prior written consent of the Producing Party, or in accordance with the procedure set forth in paragraph 10, material designated "Highly Confidential – Outside Counsel's Eyes Only," and any summary, description or report containing such information, shall be limited to persons identified in subparagraphs 7(a), and 7(c)-(g).

9.    Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information may be used in the course of the trial of this action, subject to such restrictions as the court may find are reasonable to protect its confidentiality.

10.    (a)    A party may exclude from a deposition any person who is not entitled to have access to Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information when such Information is the subject of examination.

(b)    No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraph 7(b), and no Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraph 7(c), until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. The original of each undertaking shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information.

7

(c)    Before disclosing Confidential Information or Highly Confidential – Outside Counsel's Eyes Only information to any person under subparagraph 7(c), the party seeking to make such disclosure shall first give written notice to counsel for the party whose Confidential Information or Highly Confidential – Outside Counsel's Eyes Only Information is to be disclosed (the Producing Party) of the name and address of the person to whom disclosure is to be made, including a current resume or curriculum vitae disclosing such person's prior or present relationship, if any, with the parties.   If the Producing Party reasonably believes it would be harmed by the proposed disclosure, it may object in writing to such disclosure within ten (10) business days after receipt of the notice. In the event of an objection, the parties shall promptly confer to attempt to resolve the concerns giving rise to the objection.  If the parties are unable to reach agreement regarding such disclosure, the party seeking disclosure may, prior to the time of the intended disclosure, request this Court to issue an order permitting the disclosure.  No disclosure shall be made until the expiration of the ten (10) business day period for the opposing party to make an objection, or if such objection is made, until the resolution of the objection, whether formally or informally.

(d)    The disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product.  Furthermore, the parties agree that by stipulating to the entry of this Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

11.    Designations of Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall constitute a representation that there is a

8

valid basis for such designation. Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information to ensure that the confidential nature of the same is maintained.

12.   It is the intention of this Order that the following categories of information shall not be, and should therefore not be, designated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party; (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party from a third party having the right to disclose such information; or (e) any information that was independently developed by the Receiving Party without the use of or reliance upon any designated material disclosed by the Producing Party.

9

During the pendency of this action, any disputes as to whether information is Confidential Information or Highly Confidential  Outside Attorneys Eyes Only Information under the terms of this Order shall be resolved according to the procedure set forth in paragraph 13 hereof.

13.    If a party disagrees with the designation of any information as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information, such party shall first make its objection known to the Producing Party and request a change of designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement.  The burden of proving that information has been properly designated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information is on the party making such designation.  Until there is a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information and subject to the terms of this Order.  Any failure to object to any material being designated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

14.    Confidential Material or Highly Confidential – Outside Attorneys Eyes Only Information produced by a party may be disclosed to a 30(b)6) witness on behalf of, or any current employee of, that party in the course of his or her deposition in this action.

15.    At the deposition of a third party, such third party may be shown documents designated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information if the document was authored by, sent or received by that third party, or provided that the Producing Party consents to such disclosure.

16.    Nothing in this Protective Order shall preclude a Producing Party from disclosing to anyone or using in any way its own Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information.

17.    Any person receiving Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

18.    Written material constituting or revealing Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

CONFIDENTIAL –
FILED UNDER SEAL

11

19.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to paragraph 18 or any other provision hereof.

20.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

21.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly provide notice to the Receiving Party in writing when inadvertent production is discovered.  Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, such information shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose except application to the Court until further Order of the Court.  In response to an application to the Court by the Receiving Party to compel production of such information, the Producing Party shall submit the documents or testimony at issue to the Court for *in camera* inspection.

22.    Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

23.    Third parties who produce information in this action may avail themselves of the provisions of this Order, and discovery materials produced by third parties shall be treated by the parties in conformance with this Order.

24.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

25.    In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information and shall give written notice to the Producing Party within five (5) business days. If the person seeking access to the Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information takes action against the party covered by this Order to

13

enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as precluding production of Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information covered by this Order in response to a lawful court order.

26.    (a)    Within sixty (60) days after filing of the final order in this action, all Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information shall be destroyed by all receiving parties or shall be returned to the Producing Party. If any Receiving Party destroys any such Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information, that party shall send a letter to the Producing Party confirming the same.

(b)    Notwithstanding the foregoing, outside counsel of record for each party may maintain in its files: its correspondence file of this case; its pleading file (including all briefs, memoranda, affidavits, and all papers served by/on the party represented); one copy of each document filed with the Court containing Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information; one copy of all depositions transcripts (and exhibits) and any notes or memoranda relating thereto; and all legal research memoranda. Nothing in this Confidentiality Order requires the return or destruction of attorney work product or attorney-client communications of any party that is maintained and stored by outside counsel in the regular course of business. All of the above materials shall remain subject to the terms of this Order.

27.    This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an Order of the Court.

14

AGREED TO BY:

CONNOLLY BOVE LODGE & HUTZ                YOUNG CONAWAY STARGATT & TAYLOR
L.L.P.                                     L.L.P.


  /s/ Arthur G. Connolly, III               /s/ Karen L. Pascale
Arthur G. Connolly, III (#2667)          Josy W. Ingersoll (#1088)
The Nemours Building                     John W. Shaw (#3362)
1007 North Orange Street                 Karen L. Pascale (#2903)
P.O. Box 2207                            The Brandywine Building
Wilmington, DE  19801                    1000 West Street, 17th Floor
(302) 658-9141                           P.O. Box 391
Attorneys for Plaintiffs                 Wilmington, DE  19899-0391
*Takeda Pharmaceutical Company, Ltd. and*   (302) 571-6600
*TAP Pharmaceutical Products, Inc.*         Attorneys for Defendant
                                         *Teva Pharmaceuticals USA, Inc.*

15

OF COUNSEL:
Eric J. Lobenfeld
Tedd W. Van Buskirk
Arlene L. Chow
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
(212) 918-3000
Attorneys for Plaintiff *Takeda
Pharmaceutical Company, Ltd.*

Philippe Y. Riesen
HOGAN & HARTSON L.L.P.
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1 chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-0470
Attorneys for Plaintiff *Takeda
Pharmaceutical Company, Ltd.*

William F. Cavanaugh, Jr.
Stuart E. Pollack
Chad J. Peterman
PATTERSON BELKNAP WEBB & TYLER
L.L.P.
1133 Avenue of the Americas
New York, NY 10036
(212) 366-2000
Attorneys for Plaintiff
*TAP Pharmaceutical Products, Inc.*

OF COUNSEL:
John L. North
Jeffrey J. Toney
SUTHERLAND ASBILL & BRENNAN L.L.P.
999 Peachtree Street
Atlanta, GA 30309-3996
(404) 853-8000
Attorneys for Defendant
*Teva Pharmaceuticals USA, Inc.*

SO ORDERED this ___ day of _____, 2006.

_____
United States District Judge

16

# EXHIBIT A

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY, LTD., a Japanese Corporation, and TAP PHARMACEUTICAL PRODUCTS, INC. a Delaware Corporation, | |
| Plaintiffs, | Civil Action No. 06-33-SLR |
| vs. | |
| TEVA PHARMACEUTICALS USA, INC., a Delaware corporation, | |
| Defendant. | |

I, _____, hereby declare that:

1.    I have carefully read and understand the foregoing Order (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

2.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information by this Order, as applicable.

3.    Upon final determination of this action, I will destroy all Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information received by me within sixty (60) days after sealing of the final order, or I will return such Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential – Outside Attorneys Eyes Only Information, I agree to send a letter to the Producing Party confirming the same.

4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

1

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

[signature]

_____
        [print or type name]

Title:
Business Affiliation:
Address:
Phone:

2

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 11, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Arthur G. Connolly, III [aconnollyIII@cblh.com]
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899-2207
> (302) 658-9141

I further certify that on September 11, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ### *By E-Mail*
>
> Eric J. Lobenfeld [ejlobenfeld@hhlaw.com]
> Tedd W. Van Buskirk [twvanbuskirk@hhlaw.com]
> Arlene L. Chow [alchow@hhlaw.com]
> HOGAN & HARTSON LLP
> 875 Third Avenue
> New York, NY 10022
> (212) 918-3000
>
> Philippe Y. Riesen [pyriesen@hhlaw.com]
> HOGAN & HARTSON LLP
> Shinjuku Center Building, 46th Floor
> 25-1 Nishi-Shinjuku 1-chome
> Shinjuku, Tokyo 163-0646
> Japan
> (81) 3-5908-0470

William F. Cavanaugh, Jr. [wfcavanaugh@pbwt.com]
Stuart E. Pollack [sepollack@pbwt.com]
Chad J. Peterman [cjpeterman@pbwt.com]
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Karen L. Pascale*

Karen L. Pascale (No. 2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com

*Attorneys for Defendant and Counterclaim-
Plaintiffs, Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries, Ltd.*

DB02:5166197.1                                              058956.1020