# TAB 1

Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

TAKEDA PHARMACEUTICAL COMPANY LTD. and
TAP PHARMACEUTICAL PRODUCTS INC.,

      Plaintiffs and
      Counterclaim-Defendants,

v.

TEVA PHARMACEUTICALS USA, INC. and
TEVA PHARMACEUTICAL INDUSTRIES LTD.,

      Defendants and
      Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 1:06-cv-0033-SLR
District of Delaware

TO:  AstraZeneca Pharmaceuticals LP
      1800 Concord Pike
      Wilmington, DE 19850-5437
      Tel.: (302) 886-3000

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
|  | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (*The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."*)

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects): See Schedule A

| PLACE: | DATE AND TIME: |
|---|---|
| Sutherland Asbill & Brennan LLP<br>1275 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br>Tel.: (202) 383-0100 | January 5, 2006<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Jeffrey D. Blake Attorney for Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. | DATE: December 5, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Jeffrey D. Blake
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Ga 30327
Tel : (404) 853-8084

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

The following definitions apply to the deposition topics set forth below:

1. The term "Astra" means:

   a. AB Astra, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives; and

   b. Astra Hässle AB, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives;

   c. AstraZeneca Pharmaceuticals LP, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives; and

   d. AstraZeneca AB, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives.

2. The term "Takeda" means:

   a. Takeda Pharmaceutical Company, Ltd., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives; and

b.  Takeda Chemical Industries, Ltd., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives.

3.  The term "TAP" means TAP Pharmaceutical Products Inc., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, attorneys, consultants and representatives.

4.  The term "Patents-in-Suit" means, individually or collectively, United States Patent Nos. 4,628,098; 5,026,560; 5,045,321; 5,093,132; and 5,433,959.

5.  The term "Orange Book Patents" means United States Patent Nos. 4,689,333; 4,628,098; 5,026,560; 5,045,321; 5,093,132; 5,433,959; 5,013,743; and 6,749,864.

6.  The term "Lansoprazole" means:

a.  the compound having the chemical formula $C_{16}H_{14}F_3N_3O_2S$ and IUPAC name 2-[[[3-methyl-4-(2,2,2-trifluroethoxy)-2-pyridyl]methyl]sulfinyl] benzimidazole;

b.  any drug including such compound as an active ingredient;

c.  any drug which is the subject of TAP's ANDA No. 20-406; or

d.  any drug marketed as lansoprazole or Prevacid®.

7.  The term "Omeprazole" means:

a.  the compound having the IUPAC name 5-methoxy-2[[[4-methoxy-3, 5-dimethyl-2-pyridinyl]methyl]sulfinyl]-1H-benzimidazole;

b.  any drug including such compound as an active ingredient;

  c. the drug at issue in the actions entitled <u>AB Astra v. Takeda Chem. Indus., Ltd.</u>, No. 93-civ-3121 (S.D.N.Y. filed May 10, 1993) and <u>AB Astra v. Takeda Chem. Indus., Ltd.</u>, No. 93-civ-4171 (S.D.N.Y. filed June 18, 1993); or

  d. any drugs marketed as omeprazole, Losec®, or Prilosec®.

8. The term "Substituted Benzimidazoles" includes Lansoprazole, Omeprazole, rabeprazole, pantoprazole, esomeprazole, timoprazole, picoprazole, and disuprazole and includes compounds with the structure of:

[Chemical structure: a benzimidazole ring with substituents $R^1$, $R^2$, $R^3$, $R^4$ connected via a sulfinyl-methylene linker ($-S(=O)-CH_2-$) to a pyridine ring with substituents $R^5$, $R^6$, $R^7$, $R^8$]

wherein $R^1$, $R^2$, $R^3$, $R^4$, $R^5$, $R^6$, $R^7$, and $R^8$ independently include, but are not limited to, hydrogen, hydroxyl, alkyl (including alkoxy), alkynyl, aryl, amino acid, halo, hetercycyl, carboxylic acid, ester, ether, amino, nitro, cyano, sulfonic acid, sulfate, phosphonic acid, phosphate, phosphonate, $OCH_2CF_3$, $OCH_3$, $O(CH_2)_3OCH_3$, and $OCF_2H$, and wherein each of the $R^1$, $R^2$, $R^3$, $R^4$, $R^5$, $R^6$, $R^7$, and $R^8$ substituents themselves may be further substituted with functional group(s) listed within this definition (e.g. halogen-substituted alkyl).

9. The term "Foreign Counterpart Application" means any patent application filed anywhere in the world outside the United States that claims priority in whole or any part from an application that resulted in a given patent, that is the basis for a claim of priority in whole or in part (including without limitation claims of benefits under 35 U.S.C. §§ 119(e) or 120) for a given patent, or that discloses the same subject matter as a given patent.

10. The term "Related Application" means any parent or ancestral application related in any way to a given patent, including any continuing application, continuation in part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, abandoned application, or foreign counterpart application.

11. The term "Related Patent" means any patent that issued from an Related Application.

12. The term "Prior Art" is used in the same sense that it is used in 35 U.S.C. § 103 and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or any other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

13. The term "document" shall have the broadest meaning provided by Rules 26 and 34 of the Federal Rules of Civil Procedure, encompassing any medium upon which any information is recorded, and includes any kind of written, typewritten, printed, graphic, electronically stored, magnetically stored, optically stored, or recorded material whatsoever in your possession, custody, or control, or available or obtainable by you or of which you have knowledge. The term "document" includes, without limitation, all originals, copies, drafts, or other nonconforming copies (such as a copy containing comments or notations that are not part of the original text).

14. The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

15. The terms "communicate" or "communication" means any disclosure, transfer, transmission or exchange of information between individuals or companies; whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process; whether direct or through an intermediary.

16. The term "identify" means to state:

   a. in the case of a natural person, the person's full name, present or last known address, present or last known telephone number, present or last known place of employment, and their title at the present or last known employment;

   b. in the case of a person, other than a natural person, its name, the address of its principal place of business, its telephone number, and the name of its chief executive officer(s);

   c. in the case of a document, the title of the document, the date of the document, the names of its author(s) and all recipients, and the bates numbers of the documents;

   d. in the case of an oral statement, who made the statement, who you contend heard the statement, when the statement was made, and the contents of the statement.

17. The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

18. Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

19. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

20. The terms "each," "any" and "all" shall be construed individually to mean each and every.

21. The term "including" shall mean "including but not limited to."

22. Any noun used in the singular form shall be construed and applied so to include the plural form also, and vice versa.

## INSTRUCTIONS

1. Pursuant to Rule 45 and Rule 34 of the Federal Rules of Civil Procedure, this subpoena requires that Astra produce all responsive documents in its possession, custody, or control, or in the possession, custody or control of its partners, associates, officers, directors, employees, agents, representatives or any other affiliated entity or person, wherever such documents are located.

2. Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Federal Rule of Civil Procedure 34. For example, a document that is part of a file, docket or other grouping should be physically

produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3. To the extent that Astra asserts that any documents, objects, or things may be of a confidential nature, Astra may seek the protections of the Protective Order entered in this case (a copy of which is attached hereto as Exhibit 1).

4. If Astra contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Astra shall identify for each such document:

    (a) the date of the document;

    (b) the name, affiliations, and title or position of the author(s) of the document;

    (c) the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

    (d) the general subject matter of the document;

    (e) the type of document (memorandum, letter, report, handwritten notes, etc.);

    (f) the specific grounds for withholding the document, including the specific facts upon which Astra will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

    (g) any other information required by applicable rules or law.

5.  If Astra contends that any of the following requests is objectionable in whole or in part, Astra shall state with particularity each objection, the reasons for the objection, and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Astra shall respond to the part of the request that is not objectionable.

## DOCUMENTS TO PRODUCE

1.  All documents concerning the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including but not limited to any communications between Astra and Takeda and/or TAP concerning the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents.

2.  All documents concerning any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country involving (a) either Takeda or TAP and (b) Astra concerning Lansoprazole, Omeprazole, the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including but not limited to all pleadings, communications, briefs, exhibits, affidavits, affidavit exhibits and supporting data, trial testimony, deposition transcripts and exhibits thereto, settlement agreements, agreements terminating such action, decisions by the appropriate tribunal, and any documents and things produced relating to the invalidity or unenforceability of such patents or applications.

3.  All documents concerning the actions entitled <u>AB Astra v. Takeda Chem. Indus., Ltd.</u>, No. 93-civ-3121 (S.D.N.Y. filed May 10, 1993) and <u>AB Astra v. Takeda Chem. Indus., Ltd.</u>, No. 93-civ-4171 (S.D.N.Y. filed June 18, 1993), including but not limited to all pleadings,

communications, briefs, exhibits, affidavits, affidavit exhibits and supporting data, trial testimony, deposition transcripts and exhibits thereto, settlement agreements, agreements terminating such action, decisions by the appropriate tribunal, and any documents and things produced by either Astra or Takeda concerning the invalidity or unenforceability of United States Patent Nos. 5,045,321 or 5,093,132.

4. All documents concerning Astra's opposition to European Patent No. EP-B-174,726, including but not limited to all communications between Astra and Takeda or the European Patent Office, briefs, exhibits, affidavits, affidavit exhibits and supporting data, information provided by Astra during any hearings with the European Patent Office, or decisions by the European Patent Office.

5. All documents concerning the settlement or resolution of any conflict, opposition, nullity or infringement proceeding (in the United States or any foreign country) between Astra and Takeda and/or TAP concerning Lansoprazole, Omeprazole, the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including but not limited to any settlement agreements or license agreements.

6. All documents concerning any payments or other form of compensation made by Takeda and/or TAP to Astra as a result of the settlement of any conflict, opposition, nullity or infringement proceeding (in the United States or any foreign country) between Astra and Takeda and/or TAP concerning Lansoprazole, Omeprazole, the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including but not limited documents concerning any royalties paid to Astra by

Takeda and/or TAP and any rights of Astra to make, use or distribute any compound or drug owned or developed by Takeda and/or TAP.

7. All documents concerning any allegation or assertion by Astra, or any other person, that any of the Orange Book Patents is invalid, including but not limited to any pleadings, briefs, exhibits, affidavits, affidavit exhibits and supporting data, or communications with Takeda and/or TAP.

8. All documents relating to, constituting, alleged by anyone to be, or ever considered as Prior Art to Lansoprazole, the Orange Book Patents, any Related Patent or Related Application of the Orange Book Patents, or any Foreign Counterpart of the Orange Book Patents, including but not limited to any consideration, analysis or allegation of Omeprazole as Prior Art to any of those patents or patent applications.

9. All documents relating to any analysis of or opinion on the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, patentability or scope of any of the claims of any of the Orange Book Patents, including but not limited to any Prior Art or other information considered as part of any such analysis or opinions.

10. All documents concerning any allegation or assertion by Astra, or any other person, that any of the Orange Book Patents is unenforceable, including but not limited to any pleadings, briefs, exhibits, affidavits, affidavit exhibits and supporting data, or communications with Takeda and/or TAP.

11. All documents concerning any testing of Lansoprazole or any comparison of Lansoprazole to Omeprazole or any other Substituted Benzimidazole prior to September 1, 1994.