**E-Mail Request for Emergency Relief**

1. Case Number:     06-cv-0033-SLR

2. Check the box that applies:

   ☑ Requesting a teleconference with the parties and the court
   ☐ Requesting an in-person conference with the parties and the court
   ☐ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   Teva respectfully moves to strike the untimely supplemental reports of Plaintiffs' experts Bugay and Byrn. On June 27, 2007 Plaintiffs served initial reports of Bugay and Byrn alleging infringement of Patent No. 5,045,321 using testing of Teva's 30mg lansoprazole capsule. On July 17, Plaintiffs served supplemental reports with testing of Teva's 15mg capsule. Plaintiffs were provided samples of the 15mg capsules in November 2006. There is no reason Plaintiffs could not have included the 15mg testing in their initial expert reports. Plaintiffs' delay prejudices Teva's ability to rebut the 15mg infringement contentions. Teva had to arrange expedited testing to timely rebut the 30mg contentions. Teva may not be able to secure a testing lab to rebut the 15mg contentions; if Teva gets a lab, it will cost three times the normal charge and Teva still could not complete the tests by the July 30 rebuttal report deadline.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Dillon Kim

5. Response of opposing counsel to this request:

   Plaintiffs' counsel was unable to explain the delay in providing testing on the 15mg capsules and opposes this motion to strike.

6. Name of local counsel making this request: Karen Pascale

7. Today's Date: July 19, 2007

*******************************************************************************

For court use only:
☐ A teleconference will be held on _____ to be coordinated and initiated by

☐ An in-person discovery conference will be held on:

☑ Other:

   Although supplemental expert reports are neither anticipated nor provided for in the scheduling order, absent Teva's stipulation that the 15-mg product is formulated similarly to its 30-mg product, and given plaintiffs' offer to cover the costs for expedited testing and agreement to extend the time for expert discovery, the court will not strike the supplemental reports of experts Bugay and Byrn.

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:         06 -cv- 0033 -SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

   Teva's ANDA represents that its 15-mg and 30-mg products are similarly formulated. Thus, Byrn's and Bugay's testing of the 30-mg product proves that the 15-mg product also infringes. Though unlikely, Teva might argue the two are different, however, so we had the same testing done on 15-mg granules out of an abundance of caution. Short (< 5 pages each) supplemental reports describe the testing. Teva's experts can be expected to rebut the 15-mg granule tests in the same way as the 30-mg. Teva is not prejudiced: the supplements were served three weeks after our reports, and two weeks before their rebuttals; the schedule allows ample time for any necessary extension for Teva's rebuttal, and we have offered to extend the deadline. If expedited cost is an issue, plaintiffs will cover that cost. If Teva stipulates that its products are not different, plaintiffs will withdraw the supplements.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: Mary B. Graham

4. Today's Date: July 20, 2007

*********************************************************************************