**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, ) <br> a Japanese Corporation, and ) <br> TAP PHARMACEUTICAL PRODUCTS INC., ) <br> a Delaware Corporation, ) <br>                Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TEVA PHARMACEUTICALS USA, INC. ) <br> a Delaware Corporation, ) <br> and TEVA PHARMACEUTICAL INDUSTRIES LTD., ) <br> an Israeli Corporation, ) <br>                Defendants. ) | C.A. No. 06-33-SLR |

**FINAL JUDGMENT ORDER**

The Court, having conducted a trial in the above-referenced matter, C.A. No. 06-33-SLR, and having issued its Opinion on March 31, 2008, hereby enters final judgment in the above-referenced matter as follows:

1. Teva Pharmaceuticals USA, Inc.'s and Teva Pharmaceutical Industries Ltd.'s (collectively "Teva's") lansoprazole delayed release capsule products described in ANDA No. 77-255, and the lansoprazole delayed release orally disintegrating tablets described in ANDA No. 78-730 (collectively "Teva's Products"), infringe claim 10 of U.S. Patent No. 4,628,098 ("the '098 patent").

2. Teva's Products do not infringe claim 2 of U.S. Patent No. 5,045,321 ("the '321 patent").

3. Claim 10 of the '098 patent and claim 2 of the '321 patent are not invalid.

4. The '098 patent is not unenforceable.

5. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any Food and Drug Administration approval of Teva's ANDA No. 77-255 and ANDA No. 78-730 shall be no earlier than the date of expiration of claim 10 of the '098 patent and any pediatric exclusivity that applies to the '098 patent, if applicable.

6. Pursuant to 35 U.S.C. § 271(e)(4)(B), Teva, its affiliates, successors in interest, assigns, officers, directors, agents, attorneys and employees, and those acting in privity or concert with any of them, are hereby enjoined from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Teva's Products, prior to expiration of claim 10 of the '098 patent.

7. Final judgment is hereby entered in favor of Plaintiffs and against Defendants on Plaintiffs' claims of infringement of claim 10 of the '098 patent.

8. Final judgment is hereby entered in favor of Plaintiffs and against Defendants on Defendants' counterclaims that (1) Claim 10 of the '098 patent is invalid; (2) the '098 patent is unenforceable; and (3) Claim 2 of the '321 patent is invalid.

9. Final judgment is hereby entered in favor of Defendants and against Plaintiffs on Defendants' counterclaim of non-infringement of the '321 patent.

10. With respect to U.S. Patent Nos. 5,093,132, 5,433,959, and 5,026,560, Plaintiffs' claims as set forth in the Amended Complaint and Defendants' counterclaims as set forth in the Answer, Defense and Counterclaims to the Amended Complaint were dismissed with prejudice on January 24, 2007.

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge